**Fidencio SANCHEZ–RODRIGUEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77198.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Fidencio Sanchez–Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The record does not compel the conclusion that Sanchez–Rodriguez's ineffective assistance of counsel claims are an extraordinary circumstance excusing the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Ramadan v. Gonzales*, 479 F.3d 646, 648, 657–58 (9th Cir. 2007) (per curiam).

Sanchez–Rodriguez's contention that the BIA violated due process by requiring him to file complaints against the attorneys with whom he consulted or otherwise make the attorneys aware of his claims, lacks merit because he failed to demonstrate prejudice. *See Colmenar*, 210 F.3d at 971.

Substantial evidence supports the IJ's adverse credibility determination based on Sanchez–Rodriguez's omission from his asylum application of the beating he endured in Mexico because the IJ was not unreasonable in considering that, if truthful, Sanchez–Rodriguez would have thought to mention this allegation of mistreatment when he detailed the persecution he allegedly endured in Mexico. *See Li*, 378 F.3d at 963. Accordingly, Sanchez–Rodriguez's withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Sanchez–Rodriguez contends the IJ violated due process by failing to ask him to explain the inconsistency relating to the length of time his brother's killer was detained. Because the IJ's adverse credibility determination is otherwise supported by substantial evidence, this contention lacks merit for failure to demonstrate prejudice. *See Colmenar*, 210 F.3d at 971; *see also Li*, 378 F.3d at 964 (so long as one of the grounds for the IJ's adverse credibility determination is supported by substantial evidence and goes to the heart of the persecution claim, the credibility determination will be affirmed).

Substantial evidence also supports the agency's denial of CAT relief on the merits because Sanchez–Rodriguez failed to show that it is more likely than not that he would be tortured if returned to Mexico.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.